T.C. Summary Opinion 2005-165

UNITED STATES TAX COURT

MICHAEL AND BARBARA GOLDMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15095-02S.          Filed November 10, 2005.

Michael and Barbara Goldman, pro se.

<u>Bradley C. Plovan</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Petitioners timely filed a petition under section 6330(d)(1)(A) for review of respondent's determination to proceed with collection of their 1998 Federal income tax liability. The issues are whether respondent seeks to collect from petitioners an addition to tax under section 6651(a)(1) for failure to timely file their 1998 tax return and whether petitioners are liable for additions to tax under sections 6651(a)(2) for failure to timely pay tax and 6654 for failure to pay estimated tax. At the time the petition was filed petitioners resided in Potomac, Maryland.

## Background

This case was submitted fully stipulated under Rule 122, Tax Court Rules of Practice and Procedure. The facts are as follows. Petitioners obtained an extension of time to file their 1998 tax return until October 15, 1999. The parties agree that the return was timely filed. The Certificate of Assessments and Payments shows that respondent assessed an addition to tax for failure to pay estimated tax of $1,139.37, sec. 6654, and an addition to tax for failure to pay tax of $2,857.96, sec. 6651(a)(2). The record of assessment does not show that an addition to tax for failure to timely file, sec. 6651(a)(1), was assessed. Petitioners have not disputed that they are liable for the sections 6651(a)(2) and 6654 additions to tax.

By letter dated April 5, 2000, in a response to an inquiry from petitioners, respondent did take the position that petitioners' 1998 return was untimely filed. Petitioners filed a Claim for Refund and Request for Abatement for $2,857.96 as an addition to tax for late filing. But, as stated, respondent did not assess any addition to tax under section 6651(a)(1) for late filing.

## Discussion

We are somewhat bemused at petitioners' position here. The record of assessment shows that $2,857.96 was assessed as an addition to tax for late payment. Sec. 6651(a)(2). Petitioners do not dispute that they are liable for an addition to tax for late payment. They insist, however, that the liability respondent seeks to collect was an addition to tax for late filing, even though there was never an assessment made for that addition to tax. The assessment upon which the collection is based is for late payment. It is true that the April 5, 2000, letter refers to an addition to tax for late filing, but the collection here is not based on an assessment of that addition to tax.

Petitioners also object to paying additions to tax for both the late payment, sec. 6651(a)(2), and the failure to pay estimated tax. Sec. 6654. It is sufficient to say that these are separate additions to tax for different actions.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.